IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) </br> ) </br> ) Criminal No. 4:25-cr-124 </br> ) </br> ) STIPULATED DISCOVERY AND </br> ) PROTECTIVE ORDER </br> ) </br> ) </br> ) |
| v. | |
| IAN ANDRE ROBERTS, | |
| Defendant. | |

The following discovery and reciprocal discovery obligations have been agreed to by the parties and the Court so ORDERS such compliance:

1. ***Acknowledgment of Requests for Discovery.*** The parties acknowledge that Defendant has requested discovery from the Government, pursuant to Fed. R. Crim. P. 16(a) and 26.2 and 18 U.S.C. § 3500(b), and that the Government has requested reciprocal discovery from the Defendant, pursuant to Fed. R. Crim. P. 16(b) and 26.2. Defendant further acknowledges that the Government has requested notice of any alibi, Fed. R. Crim. P. 12.1, insanity defense, Fed. R. Crim. P. 12.2, or public authority defense, Fed. R. Crim. P. 12.3, and agrees to provide notice of such defenses within fourteen calendar days of this agreement, unless the Court specifically sets a different date upon application of the Defendant.[1]

---

[1] If Defendant's counsel requires further information about the time, date, and place of the alleged offense beyond the information set forth in the Complaint, Information or Indictment and the Government's discovery materials, Defendant's counsel will specifically notify Government counsel.

2.     ***Government's Rule 16(a) Discovery and other Physical Evidence.*** Upon execution and approval by the Court of this Agreement and Order, the Government will make available for review by Defendant's counsel any original physical evidence, financial records, and other Rule 16(a) materials gathered during the investigation by whatever means, including by search warrant, grand jury subpoena, other legal process, or consent. These materials may be reviewed by scheduling an appointment during business hours at the United States Attorney's Office and/or at the law enforcement agency in possession of any original evidence. To the extent that these materials are not voluminous and may be conveniently copied, the Government may elect to provide copies of these materials to Defendant's counsel; otherwise, Defendant's counsel may make arrangements to make copies of these materials at Defendant's expense.[2]

3.     ***Government's Witness Statements/Information and Brady Material.*** With respect to the Defendant, any co-defendants, and any witnesses reasonably anticipated to testify at trial, the Government will provide copies of law enforcement reports (excluding evaluative material of matters such as possible defenses and legal strategies), witness statements, and memoranda of witness interviews prepared by Government investigators (e.g., FBI 302s, DEA-6s, etc.), which provide the basis for the case against the Defendant. The Government also will

---

[2] If dissemination or release of any of these materials is prohibited by law, *see, e.g.,* 18 U.S.C. § 3509(m), Defendant's counsel will not be permitted to copy them.

provide copies of any *Brady* or Jencks Act materials (other than grand jury transcripts) of which the United States Attorney's Office is aware and possesses. These materials will be provided upon execution and approval of this Agreement, to be supplemented if and when additional materials become available. Should Defendant's counsel become aware of any potential *Brady* material not contained in the discovery file, Defendant's counsel will notify the United States Attorney's Office and request that such information be added to the discovery file.

    4.    ***Restrictions on Use and Disclosure***.  All materials provided under this Agreement are for the limited purpose of being used in the above-captioned criminal case and may not be used or disclosed for any other purpose, including for any other civil or criminal case in federal or state court (other than proceedings arising from this prosecution under 28 U.S.C. § 2255), unless specifically permitted and ordered by the United States District Court for the Southern District of Iowa. These materials may be discussed with and shown to Defendant. However, copies of the following material, in any form[3], may not be left with or provided to the Defendant or any other person (nor may Defendant be permitted to make copies of these materials): law enforcement reports, investigative reports and summaries, witness statements, memoranda of witness interviews, medical records (other than defendant's own medical records), audio recordings, video recordings, grand jury

---

[3] This includes both paper and electronic copies, as well as summaries or dictation that may be prepared by or on behalf of Defendant's counsel.

testimony, exhibits and offense conduct statements (prior to being attached as part of the draft and/or final presentence report). Defense counsel also agrees not to show any such materials, memoranda, or witness interviews to any witness in the case, except for any transcribed testimony or written statement signed or expressly adopted by that witness. Copies of discovery materials provided to Defendant's counsel shall be either destroyed or returned to Government counsel following the conclusion of all matters relating to this criminal case.

5. ***Redacted or Withheld Information***. The Government may redact or withhold information from discovery for security concerns or to protect an ongoing investigation or, alternatively, may require that such materials be reviewed at the U.S. Attorney's Office and not copied; the Government also may redact certain personal identifying information, such as social security numbers and dates of birth, to protect the privacy interests of potential witnesses.[4] This does not preclude the Defendant from requesting *in camera* review by the Court of such material, upon proper showing, in order to determine whether or not it should be disclosed in accordance with Fed. R. Crim. P. 16 or other legal authorities. Where information is withheld, a notice of the withholding, along with a general description of the type of material withheld, will be provided to Defendant's counsel. The Government also will

---

[4] To the extent that any discovery materials in this case contain personal identifying information of any person, such as social security numbers, dates of birth, or financial account information, or any person's medical records or information, Defendant's counsel agrees that these materials will be subject to the restrictions set forth in paragraph 4.

not disclose evidence that it may elect to use for impeachment of defense witnesses or as possible rebuttal evidence.

6. ***Special Requirements for Cases Involving Minor Victims and/or Witnesses.*** The parties agree that any and all discovery information identifying minor victims and/or minor witnesses shall be subject to the following restrictions, in accordance with Fed. R. Crim. P. 16(d) (discovery and inspection), Fed. R. Crim. P. 49.1 (privacy protections), 18 U.S.C. § 3509(d) (The Child Victims' and Child Witnesses' Rights Act), and 18 U.S.C. § 3771(a) (The Crime Victims' Rights Act):

- All documents that disclose the name or any other information concerning a minor victim/witness shall be kept in a secure place to which no person who does not have reason to know their content has access.

- Copies of discovery materials containing identifying information or potentially identifying information for any minor victim/witness shall not be left with the Defendant.

- All publicly filed or disseminated documents shall identify minor victims/witnesses by generic name, such as "Minor A."

- Defendant may not, directly or indirectly, including through family members or other personal contacts, make any attempt to contact any minor victim or witness in the case. (This prohibition does not prohibit Defendant's counsel, or private investigator, from contact with potential witnesses, subject to the restrictions below.)

- If Defendant's counsel or private investigator contacts any victim/witness who has not attained the age of 18, the victim/witness shall be advised from the outset that the victim/witness can decline to speak with Defendant's counsel/investigator and can have an adult of the minor's choosing present. For example, an investigator acting on behalf of Defendant shall state as follows: "I work for the Defendant and Defendant's lawyers regarding criminal charges the Government has asserted against the Defendant. I would like to speak to you about that matter. You can decline to speak with me. You can also have an adult of your choosing present if you decide to speak with me. Will you speak with me and if so, who would you like to be

present?" The Government may advise any minor victim/witness and their parents or legal guardians of their rights to speak with defense personnel only if they choose, and to have an adult of their choosing present.

7.  ***Defendant's Reciprocal Discovery Obligations.***  Defendant agrees to provide the following reciprocal discovery materials within fourteen calendar days of this Agreement: Copies of documents, tangible objects, and other materials that Defendant may offer into evidence during its case-in-chief, reports of examinations and tests, and summaries of expert witnesses, to the full extent of Fed. R. Crim. P. 16(b); and, statements of any witness Defendant intends to call at trial, including any written statements or substantially verbatim, contemporaneously recorded recital of such prior statements to the full extent of Fed. R. Crim. P. 26.2(f) and 18 U.S.C. § 3500(e).

8.  ***Notice Under Rules of Evidence and Criminal Procedure.***  Unless otherwise indicated, the general nature of information that the Government may offer into evidence pursuant to Federal Rules of Evidence 404(b) and 609(b) is set forth within the discovery materials. The undersigned counsel for the Defendant understands and agrees that the review of these materials provides the Defendant with necessary notice, in compliance with Federal Rule of Criminal Procedure 12(b)(4) and Federal Rules of Evidence 404(b) and 609(b), as to any and all materials which are relevant to those rules. Upon a specific request by Defendant's counsel, however, the Government will specify whether it intends to use any such evidence,

whether it will be offered pursuant to Rule 404(b), and the purpose for which it is offered under the rule without further motion or order.

9. ***Giglio Information.*** The Government will provide potential *Giglio* information relating to witnesses reasonably anticipated to be called during its case-in-chief and will, in advance of trial, run "rap" sheets of non-law enforcement witnesses reasonably anticipated to be called as witnesses during its case-in-chief. Any potential or alleged *Giglio* information related to law enforcement witnesses must be reviewed at the U.S. Attorney's Office and must remain at all time in the Government's custody; the Government reserves the right to submit such materials to the Court for *in camera* review to determine whether disclosure is required.

10. ***Grand Jury Testimony.*** The Government agrees to provide counsel for the Defendant with access to the grand jury testimony of witnesses reasonably anticipated to be called as witnesses at trial no later than ten calendar days before the scheduled trial date. If the Government elects to delay disclosure of grand jury transcripts until less than ten calendar days before trial, because of witness security concerns or other reasons, it will notify defense counsel. Any copies of grand jury testimony will be subject to the restrictions regarding law enforcement reports and witness statements, as set forth above. Defendant's counsel agrees not to move for a continuance of the trial date once the grand jury transcripts have been disclosed.

11. ***Expert Witnesses***. The parties acknowledge that, pursuant to Fed. R. Crim. P. 16, they have each requested a written summary of any expert testimony

the opposing party intends to offer under Rules 702, 703, and/or 705 of the Federal Rules of Evidence during their respective cases in chief, and they hereby agree to provide the discovery required by Fed. R. Crim. P. 16(a)(1)(G) (from the government) and Fed. R. Crim. P. 16(b)(1)(C) (from the defendant) no later than twenty-eight (28) days before trial.

12. ***Materials Obtained by Trial Subpoena (Mutual Obligation).*** Any materials obtained pursuant to trial subpoenas issued by either party will be disclosed to all parties, in full, immediately upon receipt. The parties further acknowledge that neither party may require the production of documents or other evidence prior to trial pursuant to a trial subpoena without obtaining a specific Court order, with notice to all parties, in accordance with Rule 17(c) of the Federal Rules of Criminal Procedure.

13. ***Witness and Exhibit Lists.*** The parties agree to exchange witness lists and exhibit lists no later than five calendar days before the scheduled trial date.

14. ***Continuing Obligation.*** The parties acknowledge that they are subject to a continuing duty of disclosure, including under Federal Rule of Criminal Procedure 16(c). The parties will promptly disclose any additional discovery materials under this Agreement – including Rule 16 materials, witness information, and *Brady* information – if additional materials are identified or obtained following execution of this Agreement or beyond the deadlines agreed herein. Any additional materials

provided will be subject to the restrictions set forth in this Agreement. Opposing counsel will be notified when additional discovery materials are added.

15. ***Resolution of Disputes.*** The parties agree that they will attempt to resolve any disputes involving discovery and reciprocal discovery between themselves before filing any discovery-related motions (including motions for bills of particulars) with the Court, consistent with the requirements of Local Criminal Rule 16(b).

16. ***Applicability.*** Undersigned counsel for both parties agree that the terms and restrictions of this agreement extend to other lawyers, staff, and investigators working with or on behalf of the undersigned counsel (including, but not limited to, other employees or lawyers associated with defense counsel's law practice, and any investigators retained by or acting on behalf of the Defendant, as well as employees of the U.S. Attorney's Office and Government investigators assigned to this case). If different counsel is appointed or retained to represent Defendant, the discovery materials provided under this Agreement shall not be released to new counsel until new counsel files a statement with the Court acknowledging that counsel will be bound to the terms of this Agreement. Any violation of this agreement will obligate the Defendant to immediately return any and all documents provided to the U.S. Attorney's Office.

17. **Authority and Scope.** The parties agree that the Court has the authority to enter and enforce this Order, including under the authority of Rule 16(d) of the Federal Rules of Criminal Procedure, and that this Order shall be remain binding on all counsel, including any additional or new counsel that may appear on behalf of the Government or the Defendant after execution of this Agreement.

**IT IS SO ORDERED.**

Dated this   23rd   day of  October 2025.

_____
Honorable Helen C. Adams
U.S. Magistrate Judge

SEEN AND AGREED:

October 23, 2025
Date

_Alfredo Parrish_
Alfredo G. Parrish
Attorney for the Defendant

David C. Waterman
United States Attorney

10/23/2025
Date

By: _MacKenzie Tubbs_
MacKenzie Benson Tubbs
Assistant U.S. Attorney